UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Quatavious Bernard Bivens, | ) | C/A No. 9:23-00778-SAL-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| T. Clark, Willie Davis, Joel Anderson, Dennis | ) | |
| Patterson, C. Williams, Bryan Stirling, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This a civil action filed pro se and in forma pauperis by Plaintiff Quatavious Bivens, a state prisoner. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In an Order dated March 3, 2023, Plaintiff was notified of pleading deficiencies and given the opportunity to amend his Complaint. *See* ECF No. 6. On March 21, 2023, Plaintiff filed an Amended Complaint. ECF No. 10.

## I.    BACKGROUND

Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC). Plaintiff has named T. Clark (Clark), Willie Davis (Davis), Joel Anderson (Anderson), Dennis Patterson (Patterson), C. Williams (Williams), and Bryan Stirling (Stirling) as Defendants. ECF No. 10 at 1. In his Amended Complaint, Plaintiff states that he brings his claims under 42 U.S.C. § 1983 and claims that his Eighth and Fourteenth Amendment rights were violated. *Id.* at 1, 3. Plaintiff requests monetary and declaratory relief. He also requests that he be removed from Security Detention (SD) and from the Validation Security Threat Group (STG) list. *Id.* at 3.

Plaintiff's entire statement of facts is that:

On February 14, 2022 I was snatched off Broad River yard and sent to Perry Correctional Institution in RHU [Restrictive Housing Unit] with no charge at all. I was originally told by Broad River Staff that I was going to McCormick Correctional Institution.

Once I got to Perry Correctional Institution I was placed on a quar[an]tine wing. I spoke with D.W. Palmer and asked why was I being placed in RHU with no charge. I was told that I would be getting SD (Security Detention) just like the other 16 guys that came from Broad River for Gang Affiliation and A Threat to General Population.

I was never SD until May. Classification Holbrooks read a memorandum in which Regional Director Willie Davis had put together a list of names and that my name had recently been added to that list. I have since then wrote Willie Davis A Request to Staff on which Perry Staff answered the request.

Then, I was told by Regional Director Willie Davis when he came and did a walk-through at Perry Correctional Institution that Joel Anderson and Dennis Patterson gets the last say so on releasing us guys from Broad River off SD. I've since than wrote Both A Request to Staff 2 Different times and have yet to get a response.

Regional Director Willie Davis walked through Perry again and told All inmates that come from Broad River that once STG (Security Threat Group) Coordinator T. Clark comes speak to us he'll release us. Me and T. Clark got into a[n] argument and he sends Perry Correctional Institution Warden C. Williams a message saying he's going to keep me on SD until he turns lite skin.

ECF No. 10 at 2 (errors in original).

Plaintiff claims that his placement in RHU and his inclusion on the STG list violates his rights. He contends this is cruel and unusual punishment and a due process violation under the Eighth and Fourteenth Amendments. ECF No. 10 at 3.

## II.      **STANDARD OF REVIEW**

A *pro se* Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.

1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III.     **DISCUSSION**

This action should be summarily dismissed because Plaintiff fails to state any cognizable claims against the named Defendants, as discussed further below.

Although Plaintiff lists the names of Defendants Anderson, Patterson, Williams, and Stirling in the caption of his Amended Complaint, his pleadings fail to provide any specific facts to support a claim that these Defendants violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion"). Plaintiff has

alleged no facts as to Defendant Stirling. As to Defendant Palmer, he only alleges that he asked

Palmer why he was being placed in RHU with no charge and that Palmer provided a response. He

merely states that Davis told him that Defendants Anderson and Patterson have the "last say so"

on releasing him from SD and they failed to respond to two requests to staff.[1] Plaintiff only alleges

that after Defendant Clark and Plaintiff got into an argument that Clark sent Defendant Williams

a message (there is no allegation that Williams did anything other than receive a message).

Additionally, to the extent that Plaintiff may be attempting to bring claims against any of

the Defendants based on a theory of supervisory liability, such claims are subject to summary

dismissal. To state a § 1983 claim for supervisory liability, a plaintiff must allege:

> (1) that the supervisor had actual or constructive knowledge that [his or her]
> subordinate was engaged in conduct that posed "a pervasive and unreasonable risk"
> of constitutional injury to citizens like the plaintiff; (2) that the supervisor's
> response to that knowledge was so inadequate as to show "deliberate indifference
> to or tacit authorization of the alleged offensive practices"; and (3) that there was
> an "affirmative causal link" between the supervisor's inaction and the particular
> constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791,

799 (4th Cir. 1994)). Here, Plaintiff has not alleged any facts to establish supervisory liability as

to any of the Defendants.

Plaintiff generally alleges that his placement in RHU and on the STG list violates his due

process rights, but has not alleged facts to state a due process violation. To state a procedural due

---

[1] To the extent that Plaintiff is complaining about how his requests to staff and/or grievances were handled, such claims should be summarily dismissed because it is well-settled that prison inmates have no federal constitutional right to have any inmate grievance system in operation at the place where they are incarcerated. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *see also Smith v. Ray*, 36 F. App'x 99 (4th Cir. 2002) ("[A]ccess to the grievance procedure is not a constitutionally protected right[.]"); *Oliver v. Myers*, No. 7:08–CV–558, 2008 WL 5212409, at *4 (W.D. Va. Dec. 12, 2008) (stating that "because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts").

process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process. *See Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). First, to the extent Plaintiff seeks removal from the STG list, transfer to a different custody level, or damages based upon his custody classification, his claims are subject to dismissal because prisoners generally do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (finding no constitutional right under the due process clause to a particular security classification or prison placement), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

While the Fourth Circuit has held that a prisoner may set forth a viable due process claim relating to a custody status decision under some circumstances, Plaintiff has failed to set forth any facts sufficient to proceed on such a claim in this case. *See Incumaa v. Stirling*, 791 F.3d 517 (4th Cir. 2015). To determine whether an "atypical and significant hardship" has been imposed, the Supreme Court has outlined a fact intensive inquiry into "(1) the magnitude of confinement restrictions; (2) whether the administrative segregation is for an indefinite period; and (3) whether assignment to administrative segregation had any collateral consequences on the inmate's sentence." *Incumaa*, 791 F.3d at 530 (citing *Wilkinson v. Austin*, 545 U.S. 209 (2005)). Plaintiff has alleged no facts to support a claim that any "atypical and significant hardship" has been imposed.[2]

---

[2] Plaintiff submitted copies of grievances he filed at SCDC, including one dated May 25, 2022, in which Plaintiff admits he had an SD review hearing on that date. ECF No. 10-2 at 1. On July 13, 2022, it was noted in a Division of Classification and Inmate Records RHU Multi-Disciplinary Team Inmate Disposition memorandum that the team voted for Plaintiff to be placed in SD because of an investigation for potential threats to the institutional operation and STG affiliation per the office of DDO. ECF No. 10-11. In January and February 2023 grievance responses, Plaintiff was informed that he was designated as a STG member in 2018 based on his self-admission, he was

Although Plaintiff claims his Eighth Amendment rights were violated, he has asserted no facts to support such a claim. Any allegations that being on SD status constitutes cruel and unusual punishment likewise fails to state a constitutional claim because a plaintiff does not have a constitutionally recognized liberty interest in a particular security classification or prison placement, and his allegations do not plausibly allege an atypical and significant hardship. *See Hewitt*, 459 U.S. at 468; *Sandin*, 515 U.S. at 483, 485; *see also Bell v. Wolfish*, 441 U.S. 520, 537 (1979) (noting that the "fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'").

To the extent Plaintiff may be attempting to assert an Eighth Amendment claim concerning his conditions of confinement in SD or RHU, such a claim is also subject to summary dismissal. To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)). A plaintiff asserting unconstitutional conditions of confinement must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. *See Strickler*, 989 F.2d at 1380–81. In this case, Plaintiff has not alleged any serious deprivation of a basic human need and has not alleged any deliberate indifference to prison conditions on the part of any of the named Defendants. Additionally, he has not asserted any injury. *See* ECF No. 1 at 7.

---

recommended for SD custody because of the totality of his disruptive behavior within the institution and that he received two disciplinary actions over a span of a month. He was informed that he could request a change of STG status after he was disciplinary free for two years. ECF Nos. 10-4 at 2, 10-5 at 2, 10-6 at 2.

Plaintiff also may be attempting to allege that Defendants violated SCDC policies and or procedures. However, such allegations are not actionable in this § 1983 action because a violation of SCDC policies and/or procedures does not constitute a violation of Plaintiff's constitutional rights. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992); *cf. Johnson v. S.C. Dep't of Corrs.*, No. 06B2062, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007) (a plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation) (citing *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990)) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

## IV.    RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without leave to amend,[3] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

_____
Molly H. Cherry
United States Magistrate Judge

November 16, 2023
Charleston, South Carolina

---

[3]*See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).